## .WHITMAN *v.* KING.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE; DISCLOSURE.

Where, in an interference involving a process of agglomerating and desulphurizing fine iron ores or residues, two witnesses for the junior party testified that a kiln used in practising the process was operated in the manner required by the counts of the issue but the junior party himself did not so testify, but, on the contrary, his testimony on that point, unexplained, was in contradiction of their testimony; and his testimony that he disclosed the invention to the senior party was denied by the latter, and the party in whose presence the junior party said he made the disclosure was not called as a witness, this court *affirmed* a decision of the Commissioner, awarding priority to the senior party.

No. 645.   Patent Appeals.   Submitted May 13, 1910.   Decided October 4, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                  *Affirmed.*

The facts are stated in the opinion.
    Vol. XXXV.—29.

*Mr. Melville Church* and *Mr. A. S. Steuart* for the appellant.

*Mr. John H. Roney* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an appeal by James N. Whitman from concurrent decisions of the Patent Office in an interference proceeding in which an award of priority as to the counts involved was made to the senior party Tom Cobb King. The counts are as follows:

"The process of agglomerating fine iron ores or residues, which consists in first moistening the mass, and then passing the same through a rotating kiln having a region in which the degree of temperature shall cause the particles thereof, due to the impurities contained therein, to fuse sufficiently to become semiplastic and sticky.

"The process of desulphurizing and agglomerating fine iron ores or residues, which consists in first moistening the mass, and then passing the same through a rotating kiln in one part of which it shall be exposed to an oxidizing atmosphere at a temperature best suited for its desulphurization, and in another part of which it shall be exposed to a temperature which shall cause the particles thereof, due to the impurities contained therein, to melt sufficiently to become semiplastic and sticky."

The invention differs from the invention covered by interference in No. 643 in that the ore to be operated upon is first moistened. One count, not requiring the metalliferous materials under treatment to be passed through a rotating kiln in a continuous or progressive movement, was awarded to appellant. From that decision no appeal was taken. The counts of the issue however, as interpreted by the Patent Office tribunals, in which interpretation we concur, require such progressive movement as one step in the process. We have examined the record with care, appreciating the probable utility and importance of the invention, and while we are not free from doubt, we cannot say, on the evidence presented, that appellant has sustained

the burden resting upon him, and proved by a preponderance of testimony that he conceived the particular invention described in these counts prior to the date when appellee entered the field. Without noticing in detail the testimony, it is sufficient to say that, while two witnesses testified that the kiln used in practising the process described in the count awarded appellant was also operated in the manner required by the counts of the issue, Mr. Whitman himself did not so testify. On the contrary, the testimony of Mr. Whitman on this point is, unexplained, in contradiction of the testimony of these two witnesses. He being a party to the interference, it was incumbent upon him to testify clearly and explicitly on this point, and failing to do so, the presumption is against him rather than in his favor.

Mr. Whitman testifies that he disclosed this invention to Mr. King, the nominal appellee. Here again the testimony falls short. Mr. King denies the disclosure, and the man in whose presence it was made, "a noted ore expert," to use Mr. Whitman's language, was not called as a witness.

We therefore affirm the decision of the Commissioner. The clerk will certify this opinion, as by law required. *Affirmed.*